Museum of Fine Arts, Appellee, v. John B. Dicus,
Appellant.

Gen. No. 22,901.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. Edmund
K. Jarecki, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1916. Affirmed. Opinion filed October 9,
1917.

## Statement of the Case.

Action of forcible entry and detainer by the Museum
of Fine Arts, a corporation, plaintiff, against John B.
Dicus, defendant, for possession of certain premises
in the City of Chicago. From a judgment in favor of
plaintiff, defendant appeals.

Frank A. O'Donnell, for appellant.

Henry M. Hagan, for appellee.

Mr. Justice McDonald delivered the opinion of the
court.

## Abstract of the Decision.

1. Landlord and tenant, § 464*—*when tender of rent insuffi-
cient to prevent forfeiture of lease.* A tender of a less amount than
is actually due and owing by a tenant will not prevent a forfeiture
of the lease for failure to pay rent, even though the tenant prom-
ises to pay the balance of the rent within a short time thereafter.

2. Corporations—*when affidavit of defense is insufficient to
question corporation's right to bring action.* In an action of forcible
entry and detainer by a foreign corporation as landlord to recover
possession of premises from a tenant, *held* that an affidavit of
defense which contained no averment that the plaintiff was or-
ganized for pecuniary profit, and did not negative the fact that
plaintiff came within the exceptions of the act regulating the ad-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

mission of foreign corporations for profit to do business in the State, Hurd's Rev. St. ch. 32 (J. & A. ¶ 2418 *et seq.*), was insufficient to question plaintiff's right to bring the action.

3. APPEAL AND ERROR, § 1088*—*when error of court in excluding evidence may not be considered.* Any error of the trial court in excluding evidence cannot be considered on appeal where the party complaining has failed to set it forth in his brief or to refer the court thereto in the abstract or transcript of the record.